20-678-cv (L)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand twenty-one.

PRESENT:    GUIDO CALABRESI,
            REENA RAGGI,
            DENNY CHIN,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE: APPLICATION OF GORSOAN
LIMITED FOR AN ORDER PURSUANT TO 28
U.S.C. 1782 TO CONDUCT DISCOVERY FOR
USE IN A FOREIGN PROCEEDING,
                    *Petitioner.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GORSOAN LIMITED,
                    *Petitioner-Appellee,*

        -v-                                          20-678-cv (Lead)
                                                     20-679-cv (Con)
                                                     20-680-cv (Con)

STUART SUNDLUN, ZOE BULLOCK
REMMEL, EUGENIA BULLOCK, ZOYA
KUZNETSOVA,

*Respondents-Appellants*,

JANNA BULLOCK,

*Intervenor-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER-APPELLEE
GORSOAN LIMITED:

CAROLINE S. DONOVAN (Kenneth S.
Leonetti, *on the brief*), Foley Hoag LLP,
Boston, Massachusetts.


FOR RESPONDENT-APPELLANT
STUART SUNDLUN:

MATTHEW J. CRAIG (Sean Hecker, *on
the brief*), Kaplan Hecker & Fink LLP,
New York, New York.


FOR RESPONDENTS-APPELLANTS
ZOE BULLOCK REMMELL, EUGENIA
BULLOCK, and ZOYA KUZNETSOVA:

NATHANIEL Z. MARMUR, The Law
Offices of Nathaniel Z. Marmur, PLLC,
New York, New York.


FOR INTERVENOR-APPELLANT
JANNA BULLOCK:

ALEXANDRA A.E. SHAPIRO (Jonathan
P. Bach, Julian S. Brod, *on the brief*),
Shapiro Arato Bach LLP, New York,
New York.


Appeal from the United States District Court for the Southern District of

New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND**

**DECREED** that the opinion and order of the district court is **REVERSED** and the case is

**REMANDED** for the district court to quash the subpoenas in question and dismiss the

petition.

By order entered October 16, 2018, the district court (Sullivan, *J.*) granted

the *ex parte* application of petitioner-appellee Gorsoan Limited ("Gorsoan") pursuant to

28 U.S.C. § 1782 to obtain discovery for use in a proceeding in Cyprus.  Thereafter,

Gorsoan moved to compel respondents-appellants Stuart Sundlun, Zoe Bullock

Remmel, Eugenia Bullock, and Zoya Kuznetsova (collectively, "Respondents") to

comply with its subpoenas, and intervenor-appellant Janna Bullock ("Bullock") moved

to vacate the *ex parte* order and quash the subpoenas.  In an opinion and order entered

January 24, 2020, the district court (Abrams, *J.*) granted Gorsoan's motion and denied

Bullock's motion.  Bullock and Respondents appeal.  We assume the parties' familiarity

with the underlying facts, the procedural history of the case, and the issues on appeal.

In the Cyprus action, Gorsoan and Gazprombank OJSC ("Gazprombank"),

a Russian bank, allege that, between 2005 and 2007, Bullock; her husband, a former

Russian official; and other parties defrauded investors in municipal bonds, resulting in

approximately $25 million in damages.  The court in Cyprus ordered that assets

exceeding 10,000 Euros anywhere in the world belonging to Bullock (and other

defendants) be frozen and that Bullock (and the other defendants) disclose those assets.

The asset-freezing order became final in March 2013.

In 2013, the district court granted an application of Gazprombank and Gorsoan for discovery from Bullock pursuant to § 1782.[1] Bullock produced several thousand documents and sat for two depositions, during the first of which she claimed to have no assets or bank accounts and to be completely dependent on her daughters and mother for all financial support, including cash disbursements. Gorsoan complained to the district court that these responses were patently incredible, and the district court (Sullivan, *J.*) held Bullock in contempt.[2] In the second deposition, Bullock invoked her Fifth Amendment right and declined to provide an answer to almost every question posed by Gorsoan and Gazprombank. In September 2018, Gorsoan filed the instant application pursuant to § 1782, seeking asset discovery from Bullock's two daughters, her mother, and Sundlun, who has acted as a trustee for the trusts for Bullock's children. Now acting as an intervenor, Bullock opposed the application. As noted above, the district court granted the application, and this appeal followed.

"[W]e review *de novo* the district court's determination as to whether the statutory requirements of § 1782 are met, and if we are satisfied that these requirements are met, we review the district court's decision on whether to grant discovery for abuse

---

[1] *See In re Application of Gorsoan Ltd. & Gazprombank OJSC for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, No. 13-mc-397, 2014 WL 7232262, at *1 (S.D.N.Y. Dec. 10, 2014).

[2] Indeed, Bullock eventually produced documents to Gorsoan showing that, just before her first deposition, she had sold her Southampton property for $27.5 million and had signed the contract of sale on behalf of the holding company.

4

of discretion." *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 27 (2d Cir. 1998). A party seeking to invoke § 1782 must show:

> (1) that the person from whom discovery is sought reside (or be found) in the district of the district court to which the application is made, (2) that the discovery be for use in a proceeding before a foreign tribunal, and (3) that the application be made by a foreign or international tribunal or any interested person.

*Id.* (internal quotation marks omitted). "In analyzing the second element of this test, . . . we have . . . focused on two questions: (1) whether a foreign proceeding is adjudicative in nature; and (2) when there is actually a foreign proceeding." *Id.* "[T]he planned proceedings must be within *reasonable* contemplation. In other words, the applicant must have more than a subjective intent to undertake some legal action, and instead must provide some objective indicium that the action is being contemplated." *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 123 (2d Cir. 2015).

The parties disagree as to whether § 1782 is properly invoked to obtain discovery related not to the merits of an underlying dispute but to asset identification. We need not decide the issue, for, on this record, even assuming § 1782 reaches discovery sought only to identify assets, we conclude that Gorsoan has not satisfactorily demonstrated that its purported "use" of the discovery it seeks is in "reasonable contemplation" of planned proceedings.

The ongoing litigation in Cyprus is centered on Bullock's alleged participation in a fraudulent scheme between 2005 and 2007. Gorsoan has admitted

that the information it seeks pursuant to its instant § 1782 application relates to

Bullock's current assets and is therefore unlikely to bear on the alleged fraud; Gorsoan

is motivated instead by the desire to "shore up that Ms. Bullock has not complied with

the freezing and discovery allegations, or freezing and disclosure obligations in the

Cyprus court." App'x at 332. In other words, Gorsoan is not seeking the discovery for

use in the ongoing litigation in Cyprus but for use in a contempt proceeding that it may

decide someday to bring. As the district court described Gorsoan's anticipated "use":

> At oral argument, Gorsoan explained that Respondents'
> financial information would assist in determining the extent
> to which Bullock has complied (or failed to comply) with the
> Asset Freeze and Disclosure Order. It further represented
> that, after obtaining this information, it intends to file a
> motion for contempt against Bullock in the Cypress court
> regarding her "satisfaction of the freezing order abroad."

S. App'x at 14 (footnote and citation omitted).

Before this court, Gorsoan asserts that the discovery sought could inform

the fraud action in Cyprus because, if Bullock is held in contempt by a Cypriot court,

that could limit her ability to advance certain arguments or offer certain evidence in

defending the fraud action. We need not decide the likelihood of this consequence

because it is contingent, in any event, on a finding of contempt, and it is such a

proceeding that is too remote to satisfy § 1782 here. In reaching this conclusion, we are

mindful of Bullock's own efforts to avoid providing discovery ordered by a United

States court.

6

Nevertheless, Gorsoan has known for years that Bullock was not in compliance with the Cyprus freeze order, and it could have moved for contempt in Cyprus long ago. Indeed, it made a contempt motion in 2014 but then withdrew it and has made no effort to pursue such a motion since. Moreover, when Gorsoan first filed its petition below, some five years after the issuance of the freeze order, Gorsoan made no mention of a possible contempt motion, explaining only that it was seeking discovery for the same reason it had sought discovery in its earlier § 1782 petition, that is, that discovery would be "relevant to [its claims in] the Cyprus Proceeding." App'x at 19. In these circumstances, Gorsoan has failed to show that a contempt motion in Cyprus is anything more than a possibility, and a possibility is not enough. *See Certain Funds*, 798 F.3d at 124. Indeed, as we stated in *Certain Funds*, "At a minimum, a § 1782 applicant must present . . . some concrete basis from which it can determine that the contemplated proceeding is more than just a twinkle in counsel's eye." *Id.* Accordingly, we conclude that Gorsoan has failed to meet the requirements of § 1782.

* * *

We have considered Gorsoan's remaining arguments and conclude they are without merit. For the foregoing reasons, we **REVERSE** the order of the district

7

court and **REMAND** with instructions for the district court to quash the subpoenas and

dismiss the petition.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk